IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARCHIVE EDWARDS                                                                      PLAINTIFF

VS.                                       CASE NO. 05-CV-1092

JO ANNE BARNHARDT,
COMMISSIONER OF SOCIAL SECURITY                                   DEFENDANT

## OPINION

The Plaintiff, Archie Edwards, has appealed the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits and Supplemental Social Security Income. Plaintiff applied for benefits, alleging disability due to back pain, left knee impairment, and hypertension. The ALJ found that Plaintiff's impairments were severe but did not meet a listed impairment and that Plaintiff had the residual functional capacity to perform light work. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.[1] The Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed his timely complaint in this Court. Both parties have filed appeal briefs.

The Court's function on review is limited to determining whether the Commissioner's

---

[1] One is disabled when he or she is unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that is expected to result in death or that has lasted or can be expected to last for a continuous period not less than twelve months. 20 C.F.R. § 404.4505. To meet this definition, one must have a severe impairment that makes him or her unable to do his or her past relevant work or any other substantial gainful work that exists in the national economy. *Id*.

decision is supported by substantial evidence on the record as a whole. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. In assessing the substantiality of the evidence, the Court must consider both evidence that supports and evidence that detracts from the Commissioner's decision. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). This Court may not reverse the Commissioner's decision simply because substantial evidence may support the opposite conclusion. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

  The history of the administrative proceedings is contained in the ALJ's written decision and will not be recounted here except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

  Plaintiff was thirty-nine years old at the time of the hearing and had a ninth-grade education. He has previously worked as an air gun operator, delivery person, and forklift driver. The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(4) (2006). First, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. *See* 20 C.F.R. § 404.1520(4)(i).

  Second, the ALJ found that medical evidence established Plaintiff had complained of back, shoulder, and knee pain due to a motor vehicle accident and that Plaintiff has a severe impairment within the meaning of the Social Security Regulations. *See* 20 C.F.R. § 404.1520(4)(ii). The third step involved a determination, based solely on the medical evidence, of whether Plaintiff's severe impairment met or equaled a listed impairment that is presumed to

be disabling. *See* 20 C.F.R. § 404.1520(4)(iii). The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing in Appendix 1 to Subpart P of Part 404.

At the fourth step, the ALJ was required to determine whether Plaintiff had sufficient residual functional capacity, despite his impairment, to perform his past work. *See* 20 C.F.R. § 404.1520(4)(iv). The final step of the evaluation concerns whether other jobs exist within the economy that Plaintiff can perform. *See* 20 C.F.R. § 404.1520(4)(v). The ALJ found that Plaintiff retained the residual functional capacity to perform unskilled or rote work and is able to understand, remember, and follow concrete instructions. The ALJ noted that the vocational expert's testimony established that Plaintiff could not perform his past relevant work but that Plaintiff could perform other work, including the work of a production assembler and a cleaner/housekeeper. Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff argues that the Commission's factual findings are not supported by substantial evidence. Specifically, Plaintiff argues that he meets two separate mental listings found in 20 C.F.R. Pt. 404, Subpt. P, App. 1, including somatoform disorder and two classes of mental retardation. The claimant has the burden of proving that his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525 (d); *Johnson v. Barnhart*, 390 F.3d 1067 (8th Cir. 2004). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Id*. For a claimant to show that his impairment matches a listing, it must meet all of the specified criteria. *Id*. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.

*Id*.

  A claimant is disabled under Listing 12.07 if he establishes the following:

  12.07 *Somatoform Disorders:*  Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.
   The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
   A.  Medically documented by evidence of one of the following: ....
   3. Unrealistic interpretation of physical signs or sensations associated with preoccupation or belief that one has a serious disease or injury;
AND
   B.  Resulting in at least two of the following:
   1.  Marked restriction of activities of daily living; or
   2.  Marked difficulties in maintaining social functioning; or
   3.  Marked difficulties in maintaining concentration, persistence, or pace; or
   4.  Repeated episodes of decompensation, each of extended duration.

Plaintiff claims that he meets the listing dealing with somatoform disorder.  In particular, Plaintiff claims that he has an unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that he has a serious injury and that he meets at least two of criteria set forth in subsection B of the listing.

  Plaintiff reported that he had friends and that he got along well with others.  Dr. Boyd, a licensed psychologist, did not note any problems in the areas of persistence, pace, or concentration.  Plaintiff also reported that he takes care of his own hygiene and grooming, does household chores, cooks for himself, drives in familiar areas, shops for himself, and handles his own finances.  At the hearing, however, Plaintiff stated that his mother and brother helped him with chores.  Plaintiff has shown no evidence of episodes of decompensation.  The record does not indicate that Plaintiff has been diagnosed by a professional with a somatoform disorder.  Thus, Plaintiff has not shown that he meets at least two of the criteria in subsection B of the listing.

Next, Plaintiff contends that he meets Listing 12.05, which is stated as follows:

12.05 *Mental Retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. ....

B. A valid verbal, performance, or full scale IQ of 59 or less;

OR

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

OR

D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
1. Marked restriction of activities of daily living;
2. Marked difficulties in maintaining social functioning;
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

Following the March 2003 administrative hearing, the ALJ sent Plaintiff for a consultative psychological evaluation and mental examination. Sam Boyd, Ph.D, noted Plaintiff's mental activity was spontaneous, logical, and well organized. Dr. Boyd gave Plaintiff the Wechsler Adult Intelligence Scale-Third Edition ("WAIS III"). He obtained a verbal score of 61, a performance IQ score of 69, and a full-scale IQ score of 61. Dr. Boyd, however, noted that Plaintiff did not appear to give full effort on the test. While Dr. Boyd noted that Plaintiff did not appear to be openly malingering, it was Dr. Boyd's opinion that Plaintiff could have done better on the WAIS III test. Dr. Boyd opined that Plaintiff was in the borderline mentally retarded range. Dr. Boyd also administered the Minnesota Multiphasic Personality Inventory, which indicated that Plaintiff was exaggerating the pathology in his personality as he responded to the items. Dr. Boyd also noted that Plaintiff gave a less than full effort on the Wide Range

5

Achievement Test-Range 3 and the Wechsler Memory Scale-Revised test. Plaintiff's scores on the Computerized Assessment of Response Bias indicated that he gave very poor effort. Dr. Boyd noted that Plaintiff did not appear to have significant deficits in two or more areas of adaptive behavior and that Plaintiff's level of adaptive functioning was not consistent with a diagnosis of mental retardation.

Plaintiff relies on an April 2, 2002 psychological evaluation conducted by Arkansas Rehabilitation Services that showed his verbal IQ to be 55, his performance IQ to be 77, and his full scale IQ to be 65. Nancy B. Mellen, M.A., the licensed psychological examiner for Arkansas Rehabilitative Services, noted that Plaintiff was cooperative during testing and put forth good effort. Mellen's finding indicated that Plaintiff's functioning is in the mild mental retardation range of intellectual and academic ability, and she noted that Plaintiff may be able to function in semi-skilled employment if he receives training and vocational guidance and counseling.

The regulations provide that, in cases where more than one score is derived from the same test, the ALJ must use the lowest score. *Miles v. Barnhart*, 374 F.3d 694, 700 (8th Cir. 2004). The regulations, however, do not address which IQ test is appropriate when more than one test has been given. *Id*. at 700. The ALJ is not required to accept a plaintiff's IQ scores and may reject them as inconsistent with the record. *Id*. at 699. In fact, these scores should be examined to assure consistency with daily activities and behavior. *Id*.

Here, Plaintiff relies on the IQ test administered by Arkansas Rehabilitation Services to prove that he meets the criteria for the mental retardation listing found in 12.05(B), which requires an IQ score of 59 or less. On this test, Plaintiff's verbal IQ was 55, and his performance and full scale scores were both over 59. The ALJ concluded, however, that there were

inconsistencies in the record regarding the alleged impairments, especially relating to Plaintiff's daily activities.  Moreover, the ALJ, making a credibility determination, found Plaintiff's testimony not fully credible.   The ALJ noted that Plaintiff is able to drive, cook, shop, do household chores, run errands, and visit with friends and relatives and that Plaintiff gave poor effort on the IQ test administered by Dr. Boyd.  Thus, the ALJ rejected the IQ score of 55 as inconsistent with the record.

   The ALJ noted that the record failed to establish that Plaintiff's daily activities were greatly restricted because of a physical or mental disability.  Plaintiff contends that he meets listing 12.05(C) dealing with mental retardation because he meets the IQ score requirement and because the other mental impairment imposing an additional and significant work-related limitation is the somatoform disorder.  The ALJ, however, did not find that Plaintiff suffers from a somatoform disorder, and this Court has already concluded that Plaintiff does not meet the criteria for listing 12.07 that deals with somatoform disorder.  The ALJ did not find that Plaintiff suffered from any other mental impairment imposing an additional and significant work-related limitation or function as required by listing 12.05(C).  Plaintiff also contends that he meets listing 12.05(D), which deals with mental retardation.  As previously discussed, the record does not show that Plaintiff has marked restrictions of daily activities of living; that he has difficulty maintaining social functioning; that he has difficulties in maintaining concentration, persistence, and pace; or that he has repeated episodes of decompensation.  Plaintiff must show that he meets at least two of the aforementioned criteria to satisfy listing 12.05(D). Plaintiff has failed to show that he meets the criteria for any physical or mental listing.

   The ALJ considered the evidence regarding Plaintiff's residual functional capacity and

concluded that Plaintiff can lift/carry up to twenty pounds occasionally and ten pounds frequently, can sit six hours in an eight hour day, and can stand/walk for six hours in an eight hour day but no more than one to two hours without interruption.  He found that Plaintiff is able to occasionally reach overhead, climb, stoop, or kneel.  He also found that Plaintiff is able to perform unskilled or rote work and is able to understand, remember, and follow concrete instructions  The vocational expert testified that an individual having these characteristics combined with Plaintiff's age, education, and work background could not perform Plaintiff's past work, but the vocational expert identified other jobs whin the economy that the individual could perform.  These other jobs include a production assembler and a cleaner/housekeeper.  Testimony from a vocational expert based on a properly phrased hypothetical constitutes substantial evidence.  *Howard v. Massanari*, 255 F.3d 581-82 (8th Cir. 2001).  Thus, the ALJ properly concluded that Plaintiff is able to perform other jobs within the economy.

      The record as a whole contains ample support that a reasonable mind might accept as adequate to support the ALJ's decision in this case.  Thus, this Court is satisfied that the ALJ's determination that Plaintiff is under no disability as defined by the Social Security Act is supported by substantial evidence.

      Accordingly, the decision of the ALJ, denying benefits to Plaintiff, is affirmed.

                                                                                /s/ Harry F. Barnes
                                                                          Hon. Harry F. Barnes
                                                                          United States District Judge